**MELLINGER, SANDERS & KARTZMAN, LLC**
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
Joseph R. Zapata, Jr., Esq.
Tel. (973) 267-0220
jzapata@msklaw.net
*Attorneys for Steven P. Kartzman, Chapter 7 Trustee*

Order Filed on July 7, 2017 by
Clerk U.S. Bankruptcy Court
District of New Jersey

|  |  |
|---|---|
| In re:<br><br>RASA KAPITANYUK and<br>MARK KAPITANIUK,<br><br>           Debtor. | **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>Chapter 7<br><br>Case No.: 16-34175 (JKS)<br><br>Honorable John K. Sherwood |

**CONSENT ORDER DIRECTING TURNOVER OF PROPERTY OF
THE ESTATE TO THE TRUSTEE PURSUANT TO 11 U.S.C. § 542(a)**

The relief set forth on the following pages, numbered two (2) through four (4), is hereby

**ORDERED**.

**DATED: July 7, 2017**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

Page 2 of 4
Debtor:     Rasa Kapitanyuk and Mark Kapitaniuk
Case No.:   16-34175 (JKS)
Caption:    Consent Order Directing Turnover of Property of the Estate to the Trustee Pursuant to 11 U.S.C. §
            542(a)

THIS MATTER having been brought before the Court by Steven P. Kartzman, the court-appointed Chapter 7 Trustee (the "Trustee"), by and through counsel, Mellinger, Sanders & Kartzman, LLC, on application for the entry of a Consent Order directing turnover of property of the estate to the Trustee pursuant to 11 U.S.C. § 542(a) (the "Application"); and the Trustee and Rasa Kapitanyuk and Mark Kapitaniuk (the "Debtors") having agreed to amicably resolve issues of turnover on the terms set forth herein, as appears from the signatures of counsel affixed hereto, it is hereby

ORDERED AS FOLLOWS:

1.     The Debtors shall pay the sum of $35,000 (the "Settlement Amount") to the Trustee as follows:

    (a)     The Debtors shall pay the sum of $5,000 to the Trustee upon execution of this Consent Order (the "Initial Payment"); and

    (b)     The Debtors shall pay the sum of $1,000 per month for 30 months, beginning the first month following entry of the Consent Order (the "Monthly Payment", and with the Initial Payment (the "Settlement Payments").

2.     To the extent that the Debtors fail to make the required Settlement Payments, the Trustee shall file a certification of default with the Court on notice to the Debtors.  Should the Debtors fail to cure the default within ten (10) days of the filing of a certification of default:

    (a)     The Court shall enter a non-dischargeable judgment against the Debtors in an amount 1.5 times the Settlement Amount, less payments made to the Trustee; and

    (b)     Judgment shall be entered revoking the Debtors' discharge pursuant to 11 U.S.C. § 727(d).

Debtor:      Rasa Kapitanyuk and Mark Kapitaniuk
Case No.:    16-34175 (JKS)
Caption:     Consent Order Directing Turnover of Property of the Estate to the Trustee Pursuant to 11 U.S.C. §
             542(a)

3.      The Debtors having exhausted the exemption available under 11 U.S.C. §
522(d)(5), through the Settlement Amount and a credit against the Trustee's turnover demand,
and as set forth in their initial and amended Schedule C, and shall not be allowed an exemption
under 11 U.S.C. § 522(d)(5) against any monies received by the bankruptcy estate from the
Settlement Payments.

4.      The Debtors having exhausted the exemption available under 11 U.S.C. §
522(d)(6), through the Settlement Amount and a credit against the Trustee's turnover demand,
and as set forth in their initial and amended Schedule C, and shall not be allowed an exemption
under 11 U.S.C. § 522(d)(6) against any monies received by the bankruptcy estate from the
Settlement Payments.

5.      Upon receipt of the Settlement Amount in full, the Trustee shall abandon any
claims by the estate to accounts receivable (earned income) and dental lab equipment owned by
the Debtors.

6.      The terms of this Consent Order are subject to the Court's approval and the
issuance of a Notice of Settlement (the "Notice") and the following:

(a)      If no objection to the Notice is filed, the issuance and docketing of a
         Certification of No Objection by the Clerk of the Bankruptcy Court; or

(b)      if any objection to the Notice is filed, the overruling of any such objection
         by this Court.

In the event that an objection to the settlement is filed and sustained, the parties shall be restored
to their pre-settlement positions.

7.      The parties, and anyone who succeeds to their rights and responsibilities
hereunder, including their successors and/or assigns, are bound by this Consent Order.  This

Page 4 of 4
Debtor:     Rasa Kapitanyuk and Mark Kapitaniuk
Case No.:   16-34175 (JKS)
Caption:    Consent Order Directing Turnover of Property of the Estate to the Trustee Pursuant to 11 U.S.C. §
            542(a)

Consent Order is made for the benefit of the parties and all who succeed to their rights and

responsibilities.

8.      The Bankruptcy Court shall retain exclusive jurisdiction to adjudicate all matters

arising under or in connection with this Consent Order.

[Remainder of Page Intentionally Left Blank]

*The undersigned hereby consent to
the form and entry of the within Order:*

MELLINGER, SANDERS                    TODD S. CUSHNER, ESQ.
& KARTZMAN, LLC                       *Attorneys for Rasa Kapitanyuk*
*Attorneys for Trustee*                 *and Mark Kapitaniuk, the Debtors*


By:   */s/ Joseph R. Zapata, Jr.*          By:   */s/ Todd S. Cushner*
      JOSEPH R. ZAPATA, JR., ESQ.              TODD S. CUSHNER, ESQ.

Dated: June 22, 2017                  Dated:  June 21, 2017